Alan J. Leiman (OSB No. 98074)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR 97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **JAMES P. HARBICK,** | **CASE NO.:** 6:18-cv-00866 |
| Plaintiff, | |
| v. | **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT; OREGON WAGE AND HOUR LAWS;** |
| **HOLIDAY FARM RV PARK OWNERS ASSOCIATION, INC.,** an Oregon mutual benefit corporation; **M&C, LLC,** an Oregon limited liability company, and; **CLOSEN F. CHRISTIAN, JR.,** an individual, | Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.*; Oregon Wage and Hour Laws (ORS 652) |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, JAMES P. HARBICK ("Plaintiff"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendants, HOLIDAY FARM RV PARK OWNERS ASSOCIATION, INC. ("Holiday Farm Association", or "Association"); M&C, LLC ("M&C"), and Closen F. Christian, Jr. ("Christian"), (collectively, "Defendants"). Plaintiff makes his allegations based upon personal knowledge, information, and belief.

1 – Complaint

## INTRODUCTION

1.    Plaintiff James P. Harbick was hired by Defendants in June 2012 to work at the Holiday Farm RV Resort Park ("Holiday Farm RV Park") located in Rainbow, Lane County, Oregon.

2.    Plaintiff routinely worked over 40 hours in a seven-day workweek during the entire term of his employment, which ended when Plaintiff was terminated by Defendants on or around October 5, 2017.

3.    Defendants were "joint employers" of Plaintiff as that term is defined in 29 C.F.R. §791.2.

4.    Defendants jointly suffered and permitted Plaintiff to work as their employee.

5.    Defendants jointly controlled all aspects of the work Plaintiff performed for Defendants.

6.    Plaintiff brings this action against Defendants jointly and severally to recover unpaid overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*.

7.    Plaintiff also brings this action to recover wages and penalties for violation of Oregon Wage and Hour Laws (ORS Chapter 652).

8.    This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendant's willful failure to pay wages, including overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws.

9.    Plaintiff demands a jury trial on all issues that may be tried to a jury.

10.    This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND VENUE

11.    Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. § 1331; and 28 U.S.C. §1337,

as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

12.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

13.     Defendant Holiday Farm Association is an Oregon Mutual Benefit Corporation with Members that operates the Holiday Farm RV Park located along the McKenzie Highway in Lane County, Oregon.

14.     Defendant Holiday Farm Association is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

15.     At all material times, Defendant Holiday Farm Association has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce.  Based upon information and belief, the annual gross receipts from Defendant's operation of the Holiday Farm RV Park, was in excess of $500,000 per annum at all times material hereto.  Alternatively, because at all times material hereto the Holiday Farm RV Park routinely provided goods and services to individuals traveling interstate in recreational vehicles, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

16.     At all material times, Defendant Holiday Farm Association has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). The Association directly or indirectly

acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

17.    Defendant M&C is an Oregon limited liability company.  Plaintiff is informed and believes and therefore alleges that the two member/owners of M&C are Defendant Christian and his wife, Margaret Christian.

18.    Defendant M&C was the developer of the Holiday Farm RV Park.  In on or around 2015, M&C purported to turn over control of the Holiday Farm Association to the individual RV space/condominium unit owners who purchased RV spaces in the park.  Following the turnover, Defendant M&C continued to own a substantial number of RV spaces/condominium units and continued to act as an employer of Plaintiff, suffering and permitting Plaintiff to work on behalf of M&C.

19.    Defendant M&C is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

20.    At all material times, Defendant M&C has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce.  Based upon information and belief, the annual gross receipts from Defendant's operation of the Holiday Farm RV Park, was in excess of $500,000 per annum at all times material hereto.  Alternatively, because at all times material hereto the Holiday Farm RV Park routinely provided goods and services to individuals traveling interstate in recreational vehicles, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

21.    At all material times, Defendant M&C has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant M&C directly or indirectly acted in the interest of

an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

22.     At all times material, Defendant M&C was a "joint employer" of Plaintiff as set forth in 29 C.F.R. §791.2. M&C suffered and permitted Plaintiff to work for the benefit of M&C and its members.

23.     Defendant Christian is a resident of Lane County, Oregon.  He is a member of Defendants M&C and a director of the Holiday Park Association.

24.     At all times material, Defendant Christian was a joint employer of Plaintiff as set forth in 29 C.F.R. §791.2. Christian personally suffered and permitted Plaintiff to work for Defendant Christian's personal benefit.

25.     Defendant Christian is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

26.     At all material times, Defendant Christian has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because he had employees engaged in commerce.  Based upon information and belief, the annual gross receipts from Defendant's operation of the Holiday Farm RV Park, was in excess of $500,000.00 per annum at all times material hereto.  Alternatively, because at all times material hereto the Holiday Farm RV Park routinely provided goods and services to individuals traveling interstate in recreational vehicles, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

27.     At all material times, Defendant Christian has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant Christian directly or indirectly acted in the

interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

28.     Plaintiff is a resident of Lane County, Oregon who worked for Defendants from on or around June 2012 until he was terminated in October 2017.

29.     Between June 2012 and October 2017, Defendants jointly and continuously employed Plaintiff at the Holiday Farm RV Park.

30.     At all times material, Defendants paid Plaintiff a salary that did not vary based on the number of hours worked by Plaintiff.     In 2015, Plaintiff was paid a total of $23,000 in gross wages.  In 2016, Plaintiff was paid $28,200 in gross wages. Plaintiff was paid approximately $23,000 in wages for work performed during the approximate nine months that Plaintiff worked for Defendants in 2017.

31.     At all times material, Defendants did not calculate a regular rate of pay for Plaintiff, and did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in a seven-day workweek.

## FACTS

32.     At all times material, Plaintiff was the sole employee responsible for the year-round operation and maintenance of the Holiday Farm RV Park.

33.     Plaintiff performed maintenance work, grounds keeping, janitorial, office work, sales and rentals, and other duties, including providing service to permanent residents, and transitory temporary residents, all as required by Defendants.

34.     In 2017, Defendants began giving Plaintiff one day off per week, so that Plaintiff was working six days per week. Prior to that, at all times material, Defendants required Plaintiff to work seven-days per week with only the occasional day off.

35.     Defendants required Plaintiff to serve as an officer of the Holiday Park Association, and as a member of the Association board of directors.

36.     Plaintiff is not claiming any compensation, liquidated damages, or penalty wages in connection with his performance of the duties as an officer and director of the Association.

37.     Plaintiff's claims relate to the underpayment of wages for compensable work for which Defendants have already partially paid Plaintiff, but which partial payment did not include overtime compensation for hours worked over 40 in a seven-day workweek.

38.     At all times material, Defendants required Plaintiff to have the office at the Holiday Farm RV Park premises open Monday through Saturday from 9:00 am to 9:00 pm, and on Sundays from 10:00 am to 8:00 pm.  Defendants required that the sign on Hwy 126 advertising the RV park as open all year be left lighted seven-days a week from dusk until dawn.  Plaintiff would perform office work, maintenance work, janitorial work, grounds keeping, and other tasks before, during, and after office hours.  Transient RV travelers would arrive at all hours and Plaintiff would accommodate them if there was space in the RV Park.

39.     Plaintiff alleges that except for the one-day off per week he began receiving in 2017, when the Holiday Farm RV Park office was open, Plaintiff was performing fully compensable and non-exempt work under the FLSA.  Plaintiff was either working, or not free to leave the premises, or to have uninterrupted time to himself for individual pursuits.

40.     Plaintiff was required to work for all three Defendants, and the Defendants did not separately track the time Plaintiff spent working for each Defendant.

41.     For example, during the week of September 24 through September 30, 2017, Plaintiff estimates that he worked approximately 82 hours performing his job duties at the Holiday Farm RV Park exclusively for the benefit of Defendants for which Defendants did not compute a

regular rate of pay and pay Plaintiff overtime wages at time and one-half his regular rate of pay for all hours worked over 40 in that week.

42.    Defendants owe Plaintiff unpaid overtime wages, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

43.    Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent him, and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

44.    Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 43 above.

45.    At all times material, Plaintiff performed duties for the benefit of, and on behalf of Defendants who were joint employers of Plaintiff as set forth in 29 C.F.R. §791.2.

46.    At all times material, Defendants were jointly an d severally required to pay Plaintiff in accordance with the overtime pay provisions of the FLSA.

47.    At all times material, Defendants did not keep the required records of hours worked by Plaintiff.

48.    Defendants have not paid Plaintiff the FLSA required overtime pay for all hours worked over 40 in workweeks in which Plaintiff worked more than 40 hours at the Holiday Farm RV Park.

49.    At all times material and for the entire duration of Plaintiff's employment, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff performed services and labor for Defendants for which Defendants failed to track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff the correct amount of overtime wages. Plaintiff is entitled

to liquidated damages for Defendants' willful failure to pay the correct amount of minimum wages and overtime wages.

50.    Plaintiff brings this claim against Defendants as joint employers under the FLSA, seeking unpaid minimum wages, overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

51.    Defendants failure to pay Plaintiff the FLSA required overtime wages resulted from the Defendants' willful act of knowingly not paying Plaintiff wages for all hours worked.

52.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)

53.    Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 43 above.

54.    Defendants jointly and severally violated ORS 652.150 when they failed to pay Plaintiff all wages due on termination of employment, including unpaid overtime compensation.

55.    Plaintiff has been damaged by Defendant's violation of Oregon Wage and Hour Laws and is entitled to penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief against Defendants jointly and severally:

> 1.  On the First Claim for Relief, award Plaintiff his actual damages for unpaid overtime wages in amounts to be determined by the jury, plus an equal amount as liquidated damages for Defendants' willful failure to pay overtime wages.

9 – Complaint

2. On the Second Claim for Relief, award Plaintiff penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. Award Plaintiff his reasonable attorney fees and costs;

4. Award Plaintiff his pre-judgment and post-judgment interest; and

5. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

DATED May 16, 2018.

Respectfully submitted,

___/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 98074
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiffs

___/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiffs